IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**JEFFERSON T. SMITH**

        Plaintiff,

vs.                              CASE NO.:  4:07-CV-00316-SPM/WCS

**KENNETH HADDAD**, in his
official capacity as Executive Director,
**FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION**;
**SCOTT RUNKLE**, Individually;
**CHARLIE BISHOP**, Individually;
**MARK WARREN**, Individually,

        Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

Pending before this Court is a Motion to Dismiss filed by Defendants, Kenneth Haddad, in his official capacity as Executive Director of the Florida Fish and Wildlife Conservation Commission, Scott Runkle, Charlie Bishop, and Mark Warren ("Defendants"). Doc. 8. For the reasons that follow, Defendants' motion will be GRANTED.

## I.  Background

On July 19, 2007, Jefferson T. Smith ("Plaintiff") filed a complaint, pursuant to Title 42 U.S.C. § 1983, bringing an action for damages against Defendants, Kenneth Haddad, in his official capacity as Executive Director of the Florida Fish and Wildlife Conservation Commission ("Wildlife Commission"), Charlie Bishop, Scott Runkle, and Mark Warren.  Plaintiff also alleged related claims under state law.  Because the Court declines supplemental jurisdiction over those state law claims, they will not be addressed in this Order.

Plaintiff was offered employment by the Wildlife Commission, Law Enforcement Division, subject to his completion of a 29-week basic law enforcement officer training course with the Wildlife Commission Law Enforcement Training Academy (the "Academy").  The Wildlife Commission later decided not to employ Plaintiff.  On February 26, 2006, the day before Plaintiff was to begin training at the Academy, he was notified that he would not be allowed to attend.  Plaintiff alleges that he was denied a protected employment property interest when the Wildlife Commission dismissed him as an employee without affording him due process of law, thus creating a federal cause of action under 42 U.S.C. § 1983.

## II.  Discussion

### A.  *Standard of Review for Motion to Dismiss*

A motion to dismiss a complaint under Federal Rule of Civil Procedure

2

12(b)(6) tests the legal sufficiency of a claim, not a claim's substantive merits. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). Further, the sufficiency of a claim to state a cause of action is judged on the four corners of the complaint. Id. When determining the proper outcome of a Rule 12(b)(6) motion, the plaintiff's allegations are presumed to be true and viewed in the light most favorable to plaintiff. S.E.C. v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). The allegations, however must be enough to raise the right to relief above the speculative level. Bell Atl. Corp v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1959 (2007). Thus, in considering the sufficiency of the complaint, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957).

### B. Plaintiff's property interest in his employment with the Wildlife Commission and procedural due process claim.

*1. Under the laws of Florida, Plaintiff did not possess a property interest in his employment with the Wildlife Commission.*

An employee, "must have an identifiable property interest in her employment to prevail on a claim for denial of procedural due process." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). State law controls whether an employee has a property interest in continued employment. Bishop v. Wood, 426 U.S. 341, 344 (1976).

3

In Florida, the authority that an employer exercises over an employee is substantial. At common law, individuals who are employed to work for indeterminate periods of time are considered to be employees at-will. Under the "at-will" doctrine, an employee under no specific contractual term of employment may be terminated by his employer at any time for good cause, bad cause, or no cause, without any concern of legal liability. See Savannah, F. & W. R. Co. v. Willett, 31 So. 246, 247 (Fla. 1901)(holding that, "[n]o action can be maintained for breach of a contract to employ unless there is some stipulation as to the length of time for which the employment shall continue. If a term of employment be discretionary with either party, or be indefinite, either party may terminate it at any time"). Absent a contractual or statutory exception, employment is "at-will" and thus terminable at any point by either party. Maines v. Davis, 491 So. 2d 1233, 1235 (Fla. 1st DCA 1986). At-will employees have no reasonable expectation in continued employment that would give rise to an expected property interest. Wofford v. Glynn Brunswick Memorial Hosp., 864 F.2d 117, 119 (11th Cir. 1989).

In this case, the Wildlife Commission decided to terminate Plaintiff's employment before Plaintiff began the 29-week training camp that was a necessary pre-requisite to becoming a Wildlife Commission officer. Although Plaintiff alleges a due process claim, Plaintiff failed to identify a Florida statutory provision that created the expectation of a protected property interest on his

4

behalf or contractual language between himself and the Wildlife Commission that specified the duration of his employment with the Wildlife Commission. As a trainee employed at-will by the Wildlife Commission, Plaintiff had no property interest in continued employment protected by the Due Process Clause of the Fourteenth Amendment. See Crowell v. City of Eastman, 859 F. 2d 875, 877 (11th Cir. 1988). Because Plaintiff fails to identify a protected property interest in his employment, relief may not be granted on the procedural due process claim.

*2. Assuming arguendo that Plaintiff did have a property interest in his employment with the Wildlife Commission, there was no procedural due process violation in releasing him from that employment.*

Assuming arguendo that Plaintiff did have a valid property interest in his employment with the Wildlife Commission, only procedural due process would be implicated. McKinney v. Pate, 20 F.3d 1550, 1556-60 (11th Cir. 1994) Procedural due process affords Plaintiff certain safeguards to ensure that he is not improperly terminated. See id. In the employment context, these safeguards include post-depravation means of redress. Id. at 1562.

The Eleventh Circuit aptly noted that, "The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions." Id. at 1559. The appropriate forum for "addressing [a claim of improper termination] is not federal court, but a Florida state court, which possesses the ability to remedy the alleged procedural defect." Id. at 1561.

5

Because Plaintiff alleges nothing more than an improper termination, he does not state a sufficient claim for violation of his procedural due process rights.

### C. Supplemental Jurisdiction over remaining state-law claims

This brings our inquiry to the remaining state-law claims. The Supreme Court of the United States has said, "[w]hen the balance of [ ] factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." Carnegie-Mellon University v. Coholl, 484 U.S. 343, 349-50 (1988). Since the federal claims in this case will be dismissed and all that remain are state-law claims, this Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (c)(3).

### D. Defendants' request for attorney's fees under Rule 11(b)(2)

Defendants allege Plaintiff violated Rule 11(b)(2) and they seek reasonable attorney's fees for the time expended to prepare their motion to dismiss. Rule 11(b)(2), "imposes a duty upon attorneys and parties to refrain from filing or pursuing frivolous claims." Ruszala v. Walt Disney World Co., 132 F. Supp.2d 1347, 1351 (M.D. Fla. 2000). Rule 11 sanctions are proper: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party

files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith or for an improper purpose. Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996). Although Rule 11 sanctions are appropriate, "when the claimant exhibits a deliberate indifference to obvious facts, they are not warranted when a claim is merely weak. . . ." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). Considering these factors, Plaintiff's complaint does not rise to the level of "frivolity" to warrant Rule 11 sanctions.

Further, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(1)(A). The rule also contains what is known as a safe harbor provision that allows an offending party an opportunity to renounce the offending claim before sanctions are imposed. See Turner v. Sungard Business Systems, Inc., 91 F.3d 1414, 1421 (11th Cir. 1996). Defendants have failed to make their Rule 11(b)(2) motion separately from their motion to dismiss, as is required. For the aforementioned reasons, Defendants' request for Rule 11 sanctions in the form of reimbursement of attorney's fees is denied.

Based on the foregoing, it is ORDERED and ADJUDGED that:

1. The Motion to Dismiss is GRANTED with regard to Count I, which is dismissed with prejudice.

2. This Court declines to exercise supplemental jurisdiction over remaining

        state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

3.     Defendants' request for Rule 11 sanctions is DENIED.

        DONE and ORDERED this 23rd day of October, 2007.

                *s/ Stephan P. Mickle*
                Stephan P. Mickle
                United States District Judge